### HARRIETT SCOTT *v.* GEORGE SCOTT.

**Contract to Buy Real Estate, When Enforcible—Dower of Wife.**

A verbal contract of sale of real estate, where the purchaser is put into possession, is voidable only by the seller; and where a father sells to his son and puts him into possession, but does not convey to him, and afterward marries, his wife has no right of dower in such land when her husband has not sought to avoid the sale. He had a right to confirm the sale and was bound in good faith to do so, and upon conveyance being made her marital interests were subject to his election on the subject, she could not avoid his contract to convey nor require him to avoid it.

### APPEAL FROM SPENCER CIRCUIT COURT.

September 14, 1878.

OPINION BY JUDGE COFER:

The Adam Miller farm was bought by the father and two sons, and by the consent of all was conveyed to Robert.

When the farm in Nelson was purchased, it seems to have been intended by the parties for George, but the intention was not carried out. Robert deeded the Miller farm to George, and received a conveyance for the farm in Nelson. George was induced to enter into that arrangement by a verbal promise of his father to convey to him enough of the Heady farm to make the Miller farm equal to the farm in Nelson. And there was evidence conducing to prove that George was put in possession of the land he was to have off the Heady farm before the marriage of his father with the appellant; but whether so or not we do not regard as very important.

After the marriage of the father with the appellant, he executed to George a conveyance, in which she did not join, conveying to him a part of the Heady farm in compliance with his previous verbal agreement. The question then is, Is the appellant entitled to dower in the land thus conveyed to George? We concur with the court below in holding that she is not.

As appears from the foregoing statements of facts, there was a valuable consideration to uphold the father's verbal promise to convey to George so much of the Heady farm as when added to the Miller farm would be equal to the farm in Nelson. True, George could not have enforced that agreement, because it was verbal, but the agreement was not void, and as said by this court in *Oldham v. Sale,* 1 B. Mon. 76, the father "alone had a right to avoid or confirm

it during his life, and having confirmed it by the conveyance of 1809, his wife never had any equitable interest of which she could not have been divested without her concurrence." And again the court said, and its language is just as applicable to this case as it was to that: "Her potential right to dower was, at the date of that conveyance, not only purely technical but initiate only; and springing, as it did from his title, and depending thereon as a mere contingent incident, it can never have become consummate and available, because, when she married him, another person was beneficially seized of the lot, under a contract which, though voidable by him, he was under no sort of obligation to her to avoid, but had a clear right to confirm and was morally bound to effectuate in good faith. Her marital interests were subject to his election on the subject. She had no right to require him to avoid his contract, nor could she avoid it for him or for herself."

This is conclusive of this case, and the judgment must be *affirmed*.

*G. G. Gilbert, for appellant. Caldwell & Harwood, for appellee.*